```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Gladys Snipes and Sidney Snipes     :    CIVIL ACTION
                                    :
          v.                        :
                                    :
Liberty Mutual Insurance Company    :    No. 08-2363
```

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                      March 24, 2009

The plaintiffs are homeowners who have sued their insurance company, alleging that the company failed to pay a water-damage claim and that the failure to do so was in bad faith.  The defendant has moved for summary judgment, arguing that the relevant exclusions in the policy justify denial of the claim, and that the denial was not in bad faith.

Under Pennsylvania law (which applies here), the plaintiffs bear the burden of proving that the claimed damages fall within the scope of the policy's coverage.  If the plaintiffs meet this burden, the insurer must prove that an exclusion from coverage applies. Koppers Co. v. Aetna Cas. & Sur. Co., 98 F.3d 1440, 1446 (3d Cir. 1996).

The water damage to the plaintiffs' home was discovered when a termite inspector looked into the home's basement crawl space.  There does not seem to be any dispute that water leaked from pipes in the home and caused damage; the question is whether the damage is covered by the policy.  The defendant has evidence

that the leak was ongoing for several weeks – the water damage had spread and mold was present.  Under these circumstances, according to the defendant, coverage is excluded under the following endorsement to the policy:

> SECTION 1 - PERILS INSURED AGAINST
>
> COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES
>
>  . . . We do not insure, however, for loss: . . .
>
> Caused by: . . .
>
> 2.e.(9) Seepage, meaning continuous or repeated seepage or leakage of water, steam or fuel over a period of weeks, months or years:
>
> a)   From a plumbing, heating, air conditioning or automatic fire protection system or from within a domestic appliance; or
>
> b)   From within or around any plumbing fixtures, including, but not limited to, shower stalls, shower baths, tub installations, sinks or other fixtures, including walls, ceilings or floors.

Policy at FMHO 2199 R1.

In response, the plaintiffs argue that the policy is ambiguous, and that the ambiguity must be construed against the insurance company.  The plaintiffs rely upon the following provision in the policy:

> SECTION 1 – PERILS INSURED AGAINST
> COVERAGE C – PERSONAL PROPERTY
>
> 12.  Accidental discharge or overflow of water or steam from within a plumbing . . . system . . . .

Policy at 7.  However, this provision is in the section of the policy that insures personal property, not the dwelling, and is therefore inapplicable.  The plaintiffs also contend that there

is a genuine issue of material fact as to whether the damage was caused by seepage over a period of time, but they have not cited any evidence to support their argument. The defendant has supplied evidence (of mold and spreading damage) that suggests water seepage over a period of time, and there is nothing in the record to counter that conclusion.

      Finally, with regard to the bad-faith allegations, as I have held that the defendant did not act improperly in denying the claim, there can be no finding of bad faith. Even if the plaintiffs had produced evidence that the damage was covered by the policy, I still would hold that the actions of the insurer were reasonable under the circumstances.

      An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Gladys Snipes and Sidney Snipes  :  CIVIL ACTION
                                 :
        v.                       :
                                 :
Liberty Mutual Insurance Company :  No. 08-2363

**O R D E R**

AND NOW, this 24th day of March 2009, upon consideration of Defendant's Motion for Summary Judgment and the response thereto,

IT is hereby ORDERED that the Motion is GRANTED. JUDGMENT IS ENTERED IN FAVOR OF Defendant, LIBERTY MUTUAL INSURANCE COMPANY, and AGAINST Plaintiffs, GLADYS SNIPES AND SIDNEY SNIPES. The Clerk is directed to mark the case-file CLOSED.

                                BY THE COURT:


                                /s/ John P. Fullam
                                Fullam,       Sr. J.